### CHARLES S. PELL v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK.

The charter of Newark provides remedies for the violation of ordinances by proceedings to be commenced by summons or warrant. The "Act respecting cities, boroughs and incorporated towns," approved April 17th, 1885 (*Rev. Sup.*, p. 538, § 210), provides for the summary arrest, in any city, of persons charged with the violation of certain ordinances, and a summary proceeding against such persons. *Held*,
1. That, by the summary arrest of a person under the act of 1885, jurisdiction was not acquired to prosecute against him the proceedings prescribed by the charter.
2. If the proceeding before us could be considered to have been taken under the act of 1885, it is fatally defective as not containing the requisites of a conviction on summary proceedings.

---

By this *certiorari* a judgment of the Essex Common Pleas, affirming a judgment of a special police justice of the city of Newark, has been brought up.

It appears by the state of the case that the prosecutor, Pell, was arrested by a police officer of Newark, without warrant, and taken before a police justice. The officer made a written complaint, charging Pell with violating section 516 of the ordinances of the city, by hawking and peddling on the streets without being licensed as a hawker and peddler.

Prosecutor challenged the jurisdiction of the police justice, but his objection was overruled, and, after a trial, judgment was rendered, imposing on him the penalty of $10 named in said ordinance, besides costs.

An appeal to the Common Pleas was allowed and the judgment was there affirmed.

Argued at February Term, 1887, before Justices VAN SYCKEL and MAGIE.

For the prosecutor, *F. F. Guild.*

For the city, *Frank C. Willcox.*

The opinion of the court was delivered by

MAGIE, J. The first question raised by the reasons is whether the courts below acquired jurisdiction to render the judgment against prosecutor.

By the charter of Newark authority is given to the common council to prescribe a penalty for the violation of its ordinances. When the penalty prescribed is a fine, it may be recovered in an action of debt, in the corporate name of the city, before any police justice. In such an action the first process is to be a summons or warrant, and the mode of pleading is fixed. Such actions are to be regulated, as near as may be, by the provisions of the act respecting courts for the trial of small causes.

By another provision authority seems to be given to take a summary proceeding for violation of ordinances, before a police justice, which is likewise to be commenced by summons or warrant.

It is expressly provided that no warrant shall issue in any such case, except upon complaint on oath or affirmation.

From any judgment of a police justice in such cases a right of appeal to the Common Pleas is given.

In the case before us prosecutor was arrested without warrant and before any complaint.

If the proceeding against him depends only on the provisions of the charter, it has been settled that no jurisdiction was acquired to render the judgment against him. *Mayor, &c.,* v. *Murphy,* 11 *Vroom* 145.

Upon the authority of that case, the counsel of the city properly conceded that the jurisdiction of the courts below to render this judgment must be found to have been conferred by other legislation than the charter. He claimed that such legislation is to be found in the act entitled " An act respecting cities, boroughs and incorporated towns," approved April 17th, 1885. *Pamph. L., p.* 247 ; *Rev. Sup., p.* 538, § 210.

By the first section of that act it is made lawful in any city for any police officer thereof to summarily arrest any person hawking or peddling in such city without license, when a license is required by its ordinances. The second section makes it lawful to carry a person so arrested before any magistrate of the city, before whom violations of ordinances are triable, and thereupon the magistrate shall determine whether he has been guilty of the violation complained of. The third section gives power to the magistrate, on conviction, to impose a fine of not less than $1 nor more than $25, or to commit to the county jail for a period not exceeding ten days.

The contention is that this act affords a justification for the proceedings now brought before us.

If we assume, as the counsel of the city contends, that the act of 1885 applies to the city of Newark, and yet does not repeal the special provisions of the charter on the same subject, it follows that the city might have resorted to either one of three different remedies for the violation of the ordinances with which prosecutor was charged. It might have instituted an action of debt, or taken the summary proceeding prescribed by the charter, or resorted to the summary proceeding prescribed by the act of 1885. Jurisdiction was acquired in either proceeding, under the charter, by the issuing and due return of the specified process. Jurisdiction was acquired in the proceeding, under the act, if at all, by a summary arrest and arraignment before a specified magistrate.

The two summary proceedings also differ. That prescribed by the charter is to terminate by a judgment in favor of the city, and is to be enforced by process of execution against goods, chattels and the person of the offender. From the judgment an appeal would lie. That prescribed by the act of 1885 is to terminate in a conviction, with a judgment of fine or imprisonment, and is apparently to be enforced only by a commitment to the common jail of the county. There is no provision for an appeal.

The contention that a person summarily arrested and brought before the magistrate, under the provisions of the act of 1885, may then be proceeded against under the provisions of the charter, cannot prevail. That act does not thus amend the charter, expressly or by implication. If available, it creates a new remedy for violations of ordinances.

Therefore, if the proceeding before us was prosecuted under the provisions of the charter, it is plain no jurisdiction was acquired over prosecutor. The case is precisely like that dealt with in *Mayor* v. *Murphy, supra.*

An inspection of the state of the case shows a proceeding under the charter. The transcript is headed, "In debt; demand, $10." Although no state of demand was filed, the charter dispensed with such a pleading in the summary proceeding it prescribed. The judgment was not a conviction, but was rendered in favor of the city and against prosecutor, and imposed on him, not a fine, but the penalty named in the ordinance he was charged with violating. An appeal was demanded, and allowed.

The result is that there was no jurisdiction in the courts below, and the judgment brought up must be reversed.

If the proceeding could be considered as taken under the provisions of the act of 1885, a like result must follow. The judgment before us is that of the Common Pleas, affirming the judgment below. But since a proceeding under that act was not a subject of appeal, the Common Pleas had no jurisdiction to affirm. It is, however, proper to add that if such a view could be taken, the judgment of the police justice is

fatally defective.    The requisites of a judgment of conviction on summary proceedings are well settled, and this record is wholly deficient, notably in failing to set out the substance of the evidence on which the magistrate acted.    *Keeler* v. *Millege,* 4 *Zab.* 142 ; *Buck* v. *Danzenbacher*, 8 *Vroom* 359.

This result renders unnecessary the consideration of the other questions raised.

The reversal should be with costs.